FILED
2012 Jan-24 AM 09:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID MIMS and DONNA MIMS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **WAL-MART STORES, INC.; BLITZ U.S.A., INC.; FICTITIOUS DEFENDANTS, A, B, and C whether singular or plural, being those persons, corporations, partnerships, or other legal entities whose negligent and wanton acts caused or contributed to the explosion and events that caused the injuries to the Plaintiffs; FICTITIOUS DEFENDANTS D, E, and F whether singular or plural, being those persons, corporations, partnerships, or other legal entities who designed, manufactured, sold, delivered, installed and/or inspected the subject gasoline container that caused or contributed to the injuries to the Plaintiff; FICTITIOUS DEFENDANTS G, H, and I whether singular or plural, being those persons, corporations, partnerships, or other legal entities that negligently and/or wantonly and/or willfully breached a duty of care owed to the Plaintiff, including but not limited to, by violation of federal, state, and local laws, ordinances, and regulations; FICTITIOUS DEFENDANTS J, K, and L whether singular or plural,** | ) | **JURY TRIAL DEMANDED** |

**being those persons, corporations, partnerships, or other legal entities, other than those entities described above, who are the successors in interest of those entities described above. Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained,** )

**Defendants.** )

## COMPLAINT

COME NOW the Plaintiffs, David Mims and Donna Mims (hereinafter collectively "Plaintiffs") and file this Complaint for damages arising from personal injuries against Wal-Mart Stores, Inc. and Blitz U.S.A., Inc. (hereinafter collectively "Defendants").

## PARTIES

1. Plaintiff David Mims (hereinafter referred to as "Plaintiff Mims") at all times material to the allegations of this complaint was and is an adult resident citizen of Talladega County, Alabama and is over the age of nineteen (19) years old.

2. Plaintiff Donna Mims at all times material to the allegation of this complaint was and is an adult resident citizen of Talladega County, Alabama and is over the age of nineteen (19) years old.

3. Defendant Wal-Mart Stores, Inc. (hereinafter "Walmart") is, upon information and belief, a Delaware corporation with its principal office in Arkansas.

4. Defendant Blitz U.S.A., Inc. (hereinafter "Blitz") is, upon information and belief, an Oklahoma corporation with its principal office in Oklahoma.

5. Fictitious Defendants A through L are unknown to the Plaintiffs.

**JURISDICTION**

6. Jurisdiction is founded under the provisions of 28 U.S.C. §1332(a) et seq., which grants this court jurisdiction in civil actions on the basis of diversity of citizenship where the matter in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

**FACTS**

7. On or about January 23, 2010, and prior thereto, Defendant Blitz and Fictitious Defendants A-L were in the business of designing, manufacturing, assembling, and selling portable gasoline containers.

8. On or about January 23, 2010, and prior theretoDefendant Wal-Mart and Fictitious Defendants A-L were in the business of selling, assembling,

and/or distributing portable gasoline containers, and were also in the business of specifying, testing, warranting, designing, packaging or labeling such gasoline containers to be sold in its stores, and those manufactured by Defendant Blitz.

9. On or about January 23, 2010 Plaintiff Mims was walking at a safe distance from a controlled fire in Talladega County, Alabama. At the time, Plaintiff Mims was carrying a portable gasoline container. Without warning, the gasoline container exploded.

10. The subject gasoline container was manufactured, designed, and sold by Defendant Blitz and/or Fictitious Defendants A-L, and was sold, designed, specified, and/or distributed by Defendant Wal-Mart and/or Fictitious Defendants A-L.

11. The subject gasoline container was defective, and its defective condition was the cause of the explosion.

12. As a result of the explosion, Plaintiff Mims was hospitalized and required, and will require in the future, extensive medical treatment and surgery for his injuries and sustained other damages. As a result, Plaintiff Donna Mims has been deprived of the love, company, fellowship, cooperation, assistance, society, affection, services, and comfort of her husband, and her right to the continuation of the normal marital relationship.

**COUNT I**
**AEMLD—BLITZ**

22. Plaintiff Mims hereby incorporates by reference all preceding allegations as if fully set forth herein.

23. Defendant Blitz and/or Fictitious Defendants A-L manufactured, sold, assembled, produced, designed, and/or marketed the subject gasoline container which exploded and injured Plaintiff Mims. At all times relevant to this cause of action, Defendant Blitz and/or Fictitious Defendants A-L ordinarily engaged in the business of manufacturing, selling, producing, designing, and/or marketing gasoline containers similar to the subject gasoline container.

24. At some point prior to January 23, 2010, Defendant Blitz and/or Fictitious Defendants A-L placed the subject gasoline container into the stream of commerce.

25. The subject gasoline container reached the ultimate user of the product without any substantial change in its condition from the time it was produced, designed, manufactured, marketed, or sold by said defendant.

26. The subject gasoline container, at all relevant times, was in a defective condition, was unreasonably dangerous and created an unreasonable risk of harm for a number of reasons including, but not limited to the fact that it was defectively constructed, designed, engineered, and manufactured and/or due

to the defendant's failure to issue, make, affix, or provide appropriate warnings, directions, and/or instructions and due to the failure to include appropriate safety devices and equipment.

27. At all relevant times, the aforementioned gasoline container was used as intended and in a foreseeable manner of operation.

28. The defective condition of the gasoline container combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries; thus, Defendant Blitz and/or Fictitious Defendants A-L are liable to the Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE Plaintiff Mims claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT II
## BREACH OF WARRANTY--BLITZ

29. Plaintiff Mims hereby incorporates by reference all preceding allegations.

30. Defendant Blitz and/or Fictitious Defendants A-L, at all times relevant to this cause of action, were ordinarily engaged in the business of manufacturing, selling, producing, designing, and/or marketing gasoline containers, including the gasoline container now at issue.

31. Said gasoline container was used for its intended purpose and was defective and not fit for the purpose for which it was intended.

32. The defective condition of the subject gasoline container combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

33. Defendant Blitz's and/or Fictitious Defendants A-L's conduct as described herein constitutes a breach of implied and/or express warranty.

WHEREFORE Plaintiff Mims claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT III
## WANTONNESS--BLITZ

34. Plaintiff Mims hereby incorporates by reference all preceding allegations.

35. Prior to the incident on January 23, 2010, Defendant Blitz and/or Fictitious Defendants A-L had superior knowledge of the dangers, defects, hazards and/or risks associated with the use of gasoline containers it manufactured.

36. Defendant Blitz and/or Fictitious Defendants A-L knew, before the date of the incident that injured the plaintiffs,that this type of explosion could occur.

37. Defendant Blitz and/or Fictitious Defendants A-L failed to act as reasonable manufacturers, and despite this knowledge, consciously and recklessly disregarded the rights and safety of others, including Plaintiff Mims, by failing to issue, make, affix, or otherwise provide appropriate warnings, directions, and/or instructions and by failing to include appropriate safety devices and equipment both before and after the sale of the subject gasoline container.

38. Defendant Blitz and/or Fictitious Defendants A-L further consciously and recklessly disregarded the rights and safety of others, including Plaintiff Mims, by failing to re-design, retrofit, and/or recall the subject gasoline container, and/or warn users, both before and after the sale of the subject gasoline container, after they knew or should have known of the danger posed by such a defective product.

39. Defendant Blitz's and/or Fictitious Defendants A-L's wanton conduct combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

WHEREFORE Plaintiff Mims claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT IV
## NEGLIGENCE --BLITZ

40. Plaintiff Mims hereby incorporates by reference all preceding allegations as if fully set forth herein.

41. Defendant Blitz and/or Fictitious Defendants A-L breached a duty of due care to Plaintiff Mims, including, but not limited to, failure to exercise that degree of care that a reasonable company or entity would exercise in the same or similar circumstances; negligent design and/or manufacture; negligent failure to warn; negligent failure to install necessary safety

devices; and negligent failure to re-design, retrofit, recall and/or warn regarding the subject gasoline container both before and after its sale.

42. Defendant Blitz's and/or Fictitious Defendants A-L's failure to comply with their duties constitutes negligence.

43. Defendant Blitz's and/or Fictitious Defendants A-L's breaches of duty combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

WHEREFORE Plaintiff Mims claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT V**
**NEGLIGENCE PER SE—BLITZ**

44. Plaintiff Mims hereby incorporates by reference all preceding allegations as if fully set forth herein.

45. Defendant Blitz and/or Fictitious Defendants G-I also negligently breached a duty of care to Plaintiff Mims by violation of local, state, and national laws, regulations, ordinances, fire codes, industry standards, and/or safety codes.

46. Plaintiff Mims was within the class of persons intended to be protected by said laws, regulations, ordinances, industry standards and/or safety codes, and is among the class of persons to whom such duty ran.

47. Plaintiff Mims's injuries are the type of harm intended to be prevented by such laws, regulations, ordinances, industry standards and/or safety codes.

48. The negligent and/or wanton breach of duty by Defendant Blitz and/or Fictitious Defendants G-I combined and concurred with the other wrongful conduct alleged herein to proximately cause injuries and damages to Plaintiff Mims as previously described.

WHEREFORE Plaintiff Mims claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT VI**
**AEMLD—WAL-MART**

49. Plaintiff Mims hereby incorporates by reference all preceding allegations as if fully set forth herein.

50. Defendant Wal-Mart and/or Fictitious Defendants A-L sold, and/or distributed the subject gasoline container which injured Plaintiff Mims. At all times relevant to this cause of action, Defendant Wal-Mart and/or Fictitious Defendants A-L exercised substantial control over the design, testing, manufacture, packaging, or labeling of the product specifications of the subject gasoline container, including any accompanying warnings. At all relevant times, Defendant Wal-Mart and/or Fictitious Defendants A-L were ordinarily engaged in the business of selling, designing, testing, manufacturing, packaging, labeling, specifying, and/or marketing gasoline containers similar to the subject gasoline container.

51. At some point prior to January 23, 2010, Defendant Wal-Mart and/or Fictitious Defendants A-L placed the subject gasoline container into the stream of commerce.

52. The subject gasoline container reached the ultimate users of the product without any substantial change in its condition from the time it was designed, marketed, or sold by said defendant.

53. The subject gasoline container, at all relevant times, was in a defective condition, was unreasonably dangerous and created an unreasonable risk of harm for a number of reasons including, but not limited to the fact that it was defectively designed, engineered, and/or due to the failure to issue, make, affix, or provide appropriate warnings, directions, and/or instructions and due to the failure to include appropriate safety devices and equipment.

54. The aforementioned gasoline container was used as intended and in a foreseeable manner of operation.

55. The defective condition of the subject gasoline container combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries; thus, Defendant Wal-Mart and/or Fictitious Defendants A-L are liable to the Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE Plaintiff Mims claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to

be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT VII**
**BREACH OF WARRANTY—WAL-MART**

56. Plaintiff Mims hereby incorporates by reference all preceding allegations.

57. Defendant Wal-Mart and/or Fictitious Defendants A-L at all times relevant to this cause of action, were ordinarily engaged in the business of manufacturing, selling, producing, designing, and/or marketing gasoline containers, including the subject power gasoline container now at issue.

58. The subject gasoline container was used for its intended purpose and was defective and not fit for the purpose for which it was intended.

59. The defective condition of the subject gasoline container combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

60. Defendant Wal-Mart's and/or Fictitious Defendants A-L's conduct as described herein constitutes a breach of implied and/or express warranty.

WHEREFORE Plaintiff Mims claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic

damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT VIII
## WANTONNESS—WAL-MART

61. Plaintiff Mims hereby incorporates by reference all preceding allegations.

62. Prior to the incident on January 23, 2010, Defendant Wal-Mart and/or Fictitious Defendants A-L had superior knowledge of the dangers, defects, hazards and/or risks associated with the use of gasoline containers it sold, designed, tested, packaged, specified, labeled, and/or manufactured.

63. Defendant Wal-Mart and/or Fictitious Defendants A-L knew, before the date of the incident that injured the plaintiffs, that this type of explosion could occur.

64. Defendant Wal-Mart and/or Fictitious Defendants A-L failed to act as a reasonable seller and/or manufacturer, and despite this knowledge, consciously and recklessly disregarded the rights and safety of others, including Plaintiff Mims, by continuing to sell gasoline containers like the subject gasoline container, by failing to issue, make, affix, or otherwise provide appropriate warnings, directions, and/or instructions and by failing to include appropriate safety devices and equipment, both before and after the sale of the subject gasoline container.

65. Defendant Wal-Mart and/or Fictitious Defendants A-L further consciously and recklessly disregarded the rights and safety of others, including Plaintiff Mims, by failing to re-design, retrofit, and/or recall the subject gasoline container, and/or warn users, both before and after the sale, after it knew or should have known of the danger posed by such a defective product.

66. Defendant Wal-Mart's and/or Fictitious Defendants A-L's wanton conduct combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

WHEREFORE Plaintiff Mims claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT IX
## NEGLIGENCE –WAL-MART

67. Plaintiff Mims hereby incorporates by reference all preceding allegations as if fully set forth herein.

68. Defendant Wal-Mart and/or Fictitious Defendants A-L breached a duty of due care to Plaintiff Mims, including, but not limited to, continuing to sell gasoline containers like the subject gasoline container; failure to exercise that degree of care that a reasonable company or entity would exercise in the same or similar circumstances; negligent design and/or manufacture; negligent failure to warn; negligent failure to install necessary safety devices; and negligent failure to re-design, retrofit, recall and/or warn regarding the subject gasoline container both before and after the sale.

69. Defendant Wal-Mart's and/or Fictitious Defendants A-L's failure to comply with their duties constitutes negligence.

70. Defendant Wal-Mart's and/or Fictitious Defendants A-L's breaches of duty combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

WHEREFORE Plaintiff Mims claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to

be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT X**
**NEGLIGENCE PER SE—WAL-MART**

71. Plaintiff Mims hereby incorporates by reference all preceding allegations as if fully set forth herein.

72. Defendant Wal-Mart and/or Fictitious Defendants G-I also negligently breached a duty of care to Plaintiff Mims by violation of local, state, and national laws, regulations, ordinances, industry standards, and/or safety codes.

73. Plaintiff Mims was within the class of persons intended to be protected by said laws, regulations, ordinances, industry standards and/or safety codes, and is among the class of persons to whom such duty ran.

74. Plaintiff Mims's injuries are the type of harm intended to be prevented by such laws, regulations, ordinances, industry standards and/or safety codes.

75. The negligent and/or wanton breach of duty by Defendant Wal-Mart and/or Fictitious Defendants G-I combined and concurred with the other wrongful conduct alleged herein to proximately cause injuries and damages to Plaintiff Mims as previously described.

WHEREFORE Plaintiff Mims claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and

future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT XXI
## LOSS OF CONSORTIUM

130. Plaintiff Donna Mims incorporates by reference all preceding allegations as if fully set forth herein.

131. Plaintiff Mims's injuries have irrevocably changed the marital relationship between the Plaintiffs. Plaintiff Donna Mims has experienced a loss of love, companionship, fellowship, cooperation, assistance, society, services, conversation, care, affection, emotional support, and physical aid and comfort of Plaintiff David Mims, as well as her right to continuation of the normal marital relationship.

132. The acts of the Defendants combined and concurred to proximately cause Plaintiff Donna Mims's loss of marital services.

WHEREFORE, Plaintiff Donna Mims claims compensatory and punitive damages for her injuries resulting from said incident, including, but not limited to lost wages, present and future mental anguish, loss of enjoyment of life and other

hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES.**

Respectfully submitted,

Glenda G. Cochran (ASB-5150-C66G)
**COCHRAN & ASSOCIATES**
310 North 21st Street North, Suite 500
Birmingham, Alabama 35203
Telephone: (205) 328-5050
Facsimile: (205) 320-1659
E-mail: gc@glendacochran.com

Attorney for Plaintiff

Please serve the Defendants via certified mail at the following addresses:

Wal-Mart Stores, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Blitz U.S.A., Inc.
c/o Rocky Flick
404 26th Ave. NW
Miami, OK 74354