# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| **DAVID MIMS and DONNA MIMS,** **Plaintiffs,** | ) ) ) ) |
| **v.** | ) ) ) |
| **WAL-MART STORES, INC.; BLITZ U.S.A., INC.; KINDERHOOK CAPITAL FUND II, L.P., and KINDERHOOK INDUSTRIES, LLC,** | ) **CIVIL ACTION NO.: 12-244** ) **(VEH)** ) ) ) ) |
| **Defendants.** | ) |

## MOTION TO DISMISS OR STAY CLAIMS AGAINST DEFENDANTS KINDERHOOK CAPITAL FUND II, L.P. AND KINDERHOOK INDUSTRIES, LLC

Come now Defendants, Kinderhook Capital Fund II, L.P. and Kinderhook Industries, LLC, (collectively the "Kinderhook Defendants"), and, pursuant to Rules 12 (b)(2) and (b)(6), Fed. R. Civ. P., move the Court to dismiss this action against them for lack of personal jurisdiction and failure to state a claim against them upon which relief can be granted. The Kinderhook Defendants request oral argument on this motion. In support of their motion, Defendants would show unto the Court the following:

A.	**Lack of Personal Jurisdiction**

1.	This Court lacks personal jurisdiction over the Kinderhook Defendants.

2.	The Kinderhook Defendants are each incorporated under the laws of Delaware and have their principal place of business in New York.

3.	Neither of these Defendants has the requisite minimum contacts to justify this Court's exercise of either general or specific jurisdiction over them. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).

4.	Neither of these Defendants has purposely availed itself of the privilege of doing business in this state. *See Hanson v. Denckla*, 357 U.S. 235 (1958).

5.	The Plaintiffs' First Amended Complaint makes clear that the Kinderhook Defendants had no involvement with the conduct alleged in the Complaint to have caused the Plaintiffs' injuries and are not subject to this Court's personal jurisdiction.

6.	The Complaint alleges that Plaintiff, David Mims, was injured in the explosion of gasoline that he was transporting in a can manufactured by Blitz, U.S.A., Inc. ("Blitz"), a company that is presently in bankruptcy.

7.     Neither of the Kinderhook Defendants had any involvement in the manufacture by Blitz of the can that the Plaintiffs allege was responsible for the injuries to Plaintiff Mims.

8.     The only asserted basis for the claims against the Kinderhook Defendants is their investment in certain corporate affiliates of Blitz.  The allegations of the Complaint do not establish any basis for personal jurisdiction over the Kinderhook Defendants and do not establish the foundation for any claim that the Kinderhook Defendants are alter egos of Blitz.

The Kinderhook Defendants are filing contemporaneously with this motion the Declaration of Louis Aurelio in support of their motion to dismiss for lack of personal jurisdiction.

### B.    **Failure to State a Claim Upon Which Relief Can Be Granted**

9.     The Complaint fails to state a claim against these Defendants upon which relief can be granted.

10.    The only purported basis for a claim against the Kinderhook Defendants is that they are alter egos of Blitz, such that the Plaintiffs can pierce their corporate veils.

11.    Under Delaware law and other applicable standards, in order to state a claim to pierce the corporate veils of these corporations and their affiliates, the Plaintiffs are required to plead their claims with particularity as required under

Rule 9(b), Fed. R. Civ. P. *See Crosse v. BCBSD, Inc.*, 836 A.2d 492, 497 (Del. 2003).

12. The Complaint utterly fails to allege facts as would be required to state such a claim. The Complaint contains only conclusory allegations and fails to plead with particularity facts sufficient to show that these Defendants are alter egos of Blitz. *Faulkner v. Kornman (In re Heritage Org., LLC)*, 413 B.R. 438, 514 (Bankr. N.D. Tex. 2009) (applying Delaware law).

C. **Motion to Stay**

Alternatively, pursuant to 11 U.S.C. § 362(a) and this Court's power to manage its docket, the Kinderhook Defendants move the Court to stay the action against these Defendants until the conclusion of the bankruptcy of Blitz in the United States Bankruptcy Court for the District of Delaware. Defendants would show unto the Court that:

1. The automatic stay of 11 U.S.C. § 362(a) properly is extended to non-debtors where, as here, "unusual circumstances make the interests of the debtor and the non-debtor defendant inextricably interwoven." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1096 (9th Cir. 2007).

2. Unlike the Plaintiffs' claims against Defendant Wal-Mart Stores East LP, the purported claims against the Kinderhook Defendants **are**, in fact,

derivative of the claims against Blitz and they depend upon a finding of liability against the bankrupt entity.

3. Allowing the claims to continue against these Defendants would adversely affect the Blitz debtors' estates. *See Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co.*, CIV. A. 09-0249-WS-N, 2009 WL 2413664, *2-3 (S.D. Ala. Aug. 3, 2009).

The Kinderhook Defendants are filing contemporaneously a memorandum of law in support of their motion to dismiss or stay.

|  |  |
|---|---|
|  | /s/ Larry B. Childs |
| Timothy P. Harkness (admission pending) | Larry B. Childs |
| Pamila Gudkov (admission pending) | Brian J. Malcom |
| **FRESHFIELDS BRUCKHAUS DERINGER US LLP** | **WALLER LANSDEN DORTCH & DAVIS, LLP** |
| 601 Lexington Avenue | 1901 Sixth Avenue N., Suite 1400 |
| New York, NY 10022 | Birmingham, AL. 35203-2623 |
| Tel: (212) 277-4000 | Tel:  (205) 226-5701 |

*Attorneys for Defendants Kinderhook Capital Fund II, L.P. and Kinderhook Industries, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification to the following:

Glenda G. Cochran, Esq.
COCHRAN & ASSOCIATES
310 North 21st Street North, Suite 500
Birmingham, Alabama 35203
E-mail: gc@glendacochran.com

Stacey Strain, Esq.
Jeffrey P. Hubbard, Esq.
Hubbard, Mitchell, Williams & Strain, PLLC
1062 Highland Colony Parkway, Suite 222
Ridgeland, Mississippi 39157

This the 22nd day of October, 2012.

                                        /s/ Brian J. Malcom
                                        Of Counsel