FILED
2012 Nov-05 PM 05:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DAVID MIMS, et al,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )   CASE NO.: 1:12-CV-244-VEH |
| | ) |
| **WAL-MART STORES, INC., et al,** | ) |
| | ) |
| **Defendants** | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT KINDERHOOK CAPITAL FUND II, L.P. and
DEFENDANT KINDERHOOK INDUSTRIES, LLC's
MOTION TO DISMISS OR STAY CLAIMS and ALTERNATIVE MOTION
FOR TIME TO CONDUCT JURISDICTIONAL DISCOVERY**

**COME NOW** the Plaintiffs, by and through counsel, and file this Response in Opposition to the Motion to Dismiss or Stay Claims filed by Defendant Kinderhook Capital Fund II, L.P. and Defendant Kinderhook Industries, LLC (hereinafter collectively the "Kinderhook Defendants"). In the alternative, and only to the extent that this Honorable Court finds that Plaintiffs have failed to plead facts sufficient to support this Honorable Court's exercise of personal jurisdiction over the Kinderhook Defendants, Plaintiffs hereby move this Honorable Court for time to conduct jurisdictional discovery. Plaintiffs have also filed contemporaneously a Memorandum of Law in Opposition to the Motion to Dismiss or Stay Claims, which contains the substance of Plaintiffs' opposition and motion for time to conduct

jurisdictional discovery. However, by way of summary, Plaintiffs respond to the Kinderhook Defendants' Motion as follows:

**A.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted**

1. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Kinderhook Defendants argue Plaintiffs have failed to state a claim upon which relief can be granted.

2. Despite the Kinderhook Defendants' contentions, Plaintiffs' are not required to plead their veil piercing claims with particularity as set forth in Federal Rule of Civil Procedure 9(b), nor are they required to allege or prove fraud pursuant to Delaware or Oklahoma law. *See NetJets Aviation, Inc. V. LHC Communications, LLC*, 537 F.3d 168 176 (2d. Cir. 2008); *Harper v. Delaware Valley Broadcasters, Inc.*, 743 F.Supp. 1076, 1085 (D. Del. 1990).

3. Plaintiffs have set forth in the First Amended Complaint sufficient factual allegations to support a reasonable inference that the corporate veils of Defendant Blitz U.S.A., Inc. and the related Blitz subsidiaries may be pierced so that the Kinderhook Defendants may be held liable for any the actions of Defendant Blitz U.S.A., Inc. Specifically, the allegations of the First Amended Complaint satisfy both the two-prong veil piercing test of Delaware, as well as the veil piercing standard of

Oklahoma. Accordingly, Plaintiffs request that the Kinderhook Defendants' Rule 12(b)(6) motion be denied.

**B.     Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction**

4.  The Kinderhook Defendants argue that this Honorable Court lacks personal jurisidiction over them.

5.  Federal and state courts in Alabama have recognized that exercise of personal jurisdiction over a nonresident defendant comports with due process where the defendant is the alter ego of a corporate defendant with sufficient contacts in Alabama. *See Ex Parte Puccio*, 923 So.2d 1069, 1076 (Ala. 2005); *Perry v. Household Retail Services, Inc.*, 953 F.Supp 1378, 1380 (M.D. Ala. 1996).

6.  Because Plaintiffs have sufficiently pled their veil piercing claims, and because the Kinderhook Defendants have failed to carry their burden to contradict the jurisdictional allegations in Plaintiffs complaint, the Kinderhook Defendants Rule 12(b)(2) motion should be denied.

7.  In the alternative, and if this Honorable Court determines that Plaintiffs have failed to plead facts sufficient to support this Honorable Court's exercise of personal jurisdiction over the Kinderhook Defendants, Plaintiffs hereby move this Honorable Court for time to conduct jurisdictional discovery.

**C.     Motion to Stay**

8. In the alternative to their Rule 12(b) motions, the Kinderhook Defendants urge this Honorable Court to stay Plaintiffs veil piercing claims against them. Plaintiffs do not dispute that, in the interest of judicial economy, a stay of Plaintiffs claims against the Kinderhook Defendants would be appropriate until the Blitz subsidiaries' bankruptcy has been resolved.

Plaintiffs Memorandum of Law in Opposition to the Motion to Dismiss or Stay Claims fully sets forth the arguments contained herein, and Plaintiffs hereby incorporate it by reference.

Respectfully submitted,

/s/ Glenda G. Cochran
Glenda G. Cochran (ASB-5150-C66G)
COCHRAN & ASSOCIATES
310 North 21st Street North, Suite 500
Birmingham, Alabama 35203
Telephone: (205) 328-5050
Facsimile:   (205) 320-1659
E-mail: gc@glendacochran.com

Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Stacey Strain, Esq.
Jeffrey P. Hubbard, Esq.
Hubbard, Mitchell, Williams & Strain, PLLC
1062 Highland Colony Parkway, Suite 222
Ridgeland, Mississippi 39157
Attorney for Defendant Wal-Mart Stores, Inc.

Larry B. Childs
Brian J. Malcom
1901 Sixth Avenue N., Suite 1400
Birmingham, AL. 35203-2623
Tel: (205) 226-5701
Attorneys for the Kinderhook Defendants

Timothy P. Harkness (admission pending)
Pamila Gudkov (admission pending)
601 Lexington Avenue
New York, NY 10022
Tel: (212) 277-4000
Fax: (212) 277-4001
Attorneys for the Kinderhook Defendants

                                        /s/ Glenda G. Cochran
                                        OF COUNSEL