IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DAVID MIMS and DONNA MIMS,** ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 12-244 |
| ) | (VEH) |
| **WAL-MART STORES, INC.; BLITZ** ) | |
| **U.S.A., INC.; KINDERHOOK CAPITAL** ) | JURY TRIAL DEMANDED |
| **FUND II, L.P., and KINDERHOOK** ) | |
| **INDUSTRIES, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

**REPLY IN FURTHER SUPPORT OF
DEFENDANTS KINDERHOOK CAPITAL FUND II, L.P.
AND KINDERHOOK INDUSTRIES, LLC'S
DISPUTED MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY**

Defendants Kinderhook Capital Fund II, L.P. and Kinderhook Industries, LLC respectfully submit this reply in further support of their Motion to dismiss the counts of the First Amended Complaint alleged against them.[1]

**PRELIMINARY STATEMENT**

On November 6, 2012, in a claim composed of allegations nearly identical to those made by Plaintiffs in this case, Judge Kyle of the United States District Court for the District of Minnesota issued an Opinion and Order granting Kinderhook Industries' motion to dismiss for lack of personal jurisdiction. *See* Exh. A, *Smith ex rel. VanBrunt v. Blitz U.S.A. Inc.*, CIV. 11-1771 RHK/LIB (D. Minn.),

---

[1] Terms not otherwise defined herein have the meanings set forth in the Kinderhook Defendants' Memorandum of Law in Support of their Motion.

1

Document 109, Pl.'s Second Am. Compl., June 11, 2012 at 16-25 (hereinafter "*Smith* Complaint"); *Smith ex rel. VanBrunt v. Blitz U.S.A. Inc.*, CIV. 11-1771 RHK/LIB, 2012 WL 5413513, at *3 (D. Minn. Nov. 6, 2012). Evaluating the claim under Minnesota law, which, similar to Alabama, extends personal jurisdiction to the full extent allowed under the constitution, Judge Kyle stated that the *Smith* Complaint had "not shown that Kinderhook has 'exercised the type of control or dominance . . . necessary to subject it to the personal jurisdiction of a Minnesota court'" and dismissed the plaintiff's alter ego claim. *See id.* (quoting *Zimmerman v. Am. Inter-Ins. Exch.*, 386 N.W.2d 825, 828 (Minn. Ct. App. 1986)).

The order in *Smith* reinforces the Kinderhook Defendants' basic argument: they are only indirectly related to the alleged tortfeasor in this case, and their relationship to Blitz is not sufficient either to support personal jurisdiction in this state or to support a veil-piercing claim. Plaintiffs in this case effectively cut-and-pasted the claim set forth in the *Smith* Complaint to form their veil-piercing allegations. *See* Exh. A at 16-25. The Kinderhook Defendants respectfully request that this Court follow the decision in *Smith* and dismiss the claim against them.

The Opposition makes clear that Plaintiffs have failed to meet their burden of establishing jurisdiction over the Kinderhook Defendants in Alabama. Plaintiffs effectively concede that there is no specific jurisdiction over the Kinderhook Defendants and instead attempt to rely on an insufficient veil-piercing claim. But

Plaintiffs fail to cite a single case finding personal jurisdiction through veil-piercing or alter ego theory under applicable law. And without a well-pleaded claim, jurisdictional discovery would be amount to a "fishing expedition," which is not permitted. *Utsey v. New Eng. Mut. Life Ins. Co.*, No. 07-0199-WSM, 2007 WL 1076703, at *2 (S.D. Ala. Apr. 9, 2007).

In essence admitting that they cannot meet the strict veil-piercing test set forth by the Delaware Chancery court in *Wallace ex rel. Cencom Cable Income Partners II, Inc. v. Wood*, 752 A.2d 1175, 1183 (Del. Ch. 1999), Plaintiffs attempt to distinguish the case by stating that the Delaware court erred or misstated the law. But *Wallace* has not been overturned or even distinguished by later Delaware decisions, and is in fact frequently relied on by courts inside and outside Delaware. *Wallace* and numerous other Delaware cases dictate that the claim against the Kinderhook Defendants must fail because Plaintiffs cannot allege that Blitz — or any of its related companies — had no legal significance of their own and existed for no other purpose than as vehicles for fraud.

Significantly, just as in the recently dismissed *Smith* Complaint, Plaintiffs cite no case in which a private equity fund, let alone a management company hired by a fund, has been liable for the debts of a portfolio company. And Plaintiffs fail to allege a single instance in which the Kinderhook Defendants received assets or other benefits from the Blitz Debtors. Despite this, and despite the fact that the

Kinderhook Defendants are not the proximate cause of the insolvency of the Blitz Debtors, Plaintiffs attempt to make the unprecedented argument that the Kinderhook Defendants are subject to the jurisdiction of this Court and that their assets should be made available to Plaintiffs.  Such a position is illogical, inequitable, and merits another dismissal.[2]

## ARGUMENT

### I. PLAINTIFFS' CONCLUSORY VEIL-PIERCING ALLEGATIONS FAIL TO ESTABLISH JURISDICTION IN ALABAMA

Plaintiffs do not contest the argument that the Kinderhook Defendants are not subject to specific jurisdiction in Alabama, relying solely on veil-piercing allegations as a means to establish personal jurisdiction.  "A finding of vicarious personal jurisdiction is uncommon, however, because there is a presumption of separateness between a parent and subsidiary corporation."  *See Smith ex rel. VanBrunt*, 2012 WL 5413513 at *2 (internal citation and punctuation omitted).  Here, just as in the *Smith* Complaint, the veil-piercing allegations are not sufficient to overcome the "presumption of corporate separateness" and establish jurisdiction over the Kinderhook Defendants.

The Aurelio Declaration sets forth evidence establishing that the Kinderhook Defendants have no more than a typical indirect investor's relationship with Blitz.

---

[2]    If the claim is not dismissed, Plaintiffs agree that the claim should be stayed pending resolution of the Blitz bankruptcy proceedings.  *See* Opp. at 24–25.

Submission of this evidence shifts the burden back to Plaintiffs to provide evidence supporting personal jurisdiction, *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006), yet Plaintiffs fail to provide any evidence contradicting the Aurelio Declaration.[3]  Instead, Plaintiffs seek jurisdictional discovery, which should be denied because Plaintiffs do not have a well-pleaded claim and are thus not entitled to reach discovery.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).  Discovery is not proper, where — as here — defendant has submitted evidence opposing jurisdiction, and where — as here — plaintiff offers nothing to support conclusory assertions that an alter ego theory could be established if discovery were permitted. *See, e.g., Melech v. Life Ins. Co. of N. Am.*, No. 10-0573-KD-M, 2011 WL 1047716, at *6–7 (S.D. Ala. Mar. 1, 2011).

## II.   PLAINTIFFS FAIL TO PLEAD THE FACTS NECESSARY TO ESTABLISH A VEIL-PIERCING CLAIM

Plaintiffs argue that, despite their allegations of fraud in the Complaint (*see* Compl. ¶¶ 74, 78(k), 78(o)), they need not plead their claim with particularity pursuant to Rule 9(b).  *See* Opp. at 9.  But Plaintiffs' conclusory allegations, which are not supported by factual allegations, cannot meet the requirements under either

---

[3]   The Plaintiffs contradict themselves in arguing, first, that the Aurelio Declaration contains only "conclusory assertions of ultimate fact" regarding corporate separateness, and then conceding that Mr. Aurelio also establishes specific facts that "would be implicated in the veil piercing analysis."  Opp. at 23–24.  In any case, the sufficiency of the Aurelio Declaration in "contradicting" the Plaintiffs' claims is ultimately irrelevant, because the Plaintiffs here, as with the plaintiff in the *Smith* Complaint, failed to state a claim for veil piercing.

Rule 8 or Rule 9(b) and must be disregarded. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" — such as those made here — "do not suffice" to state a claim under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Piercing the corporate veil "requires *facts* establishing that a controlling entity ignored the separate legal status of, and dominated the affairs of, a controlled entity." *In re Champion Enters., Inc.*, Bankruptcy No. 09–14014 (KG), Adversary No. 10–50514 (KG), 2010 WL 3522132, at *10 (Bankr. D. Del. Sept. 1, 2010) (emphasis added). In assessing a veil-piercing claim: "First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff 'has a plausible claim for relief.'" *See id.* at *4 (internal citation omitted).

Acknowledging the weakness of their allegations in the face of these requirements and the strict Delaware veil-piercing test, Plaintiffs attempt to resurrect their claim with the false statement that the Kinderhook Defendants rely on a "misstatement of Delaware law." Opp. at 12. Multiple pages of the Opposition are wasted on a disingenuous attempt to show that "the [Delaware Chancery court in *Wallace*]'s statement of the law is erroneous" in setting forth the requirement of "complete domination and control" in a veil-piercing claim. *Id*. In

fact, "complete domination and control" is consistently required by Delaware courts with respect to veil-piercing claims. *See, e.g., Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 266 (D. Del. 1989); *Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521, 531 (D. Del. 2008).[4] This section of the Opposition is misleading and should be disregarded.

A.   **Plaintiffs Fail To Pierce Each Entity's Veil, As Delaware Law Requires**

According to Plaintiffs' own sources, Delaware law is clear that the Complaint must set forth allegations sufficient to show that veil-piercing is appropriate at each layer of the corporate veil. *See In re Moll Indus.*, 454 B.R. 574, 587 (Bankr. D. Del. 2011); *In re Foxmeyer Corp.*, 290 B.R. 229, 243–44 (Bankr. D. Del. 2003). Contrary to the argument in the Opposition, *Moll* requires each layer be pierced where, as here, plaintiff seeks a "global collapse of the [entire] corporate structure." *See Moll*, 454 B.R. at 587 (finding no need to pierce each entity in the chain because "[t]he Amended Complaint does not require a global collapse of the corporate structure, but only asserts that Moll and [its indirect investor] themselves operated as a single economic entity.") Collapsing the entire corporate structure is precisely what Plaintiffs seek to do with regard to the Blitz Debtors and the Kinderhook Defendants. *See, e.g.*, Compl. at ¶ 78 (making general

---

[4]   It is ultimately irrelevant whether or not the *Wallace* court looked to California law or to other areas of corporate law when considering the veil-piercing claim before it. *See* Opp. at 12. The Chancery Court's decision is a precedential statement of Delaware veil-piercing law, relied on consistently to state the standards required to set forth a veil piercing claim.

allegations as to the entire corporate structure). Thus Plaintiffs must set forth allegations sufficient to pierce each veil in the chain — and fail to do so.[5]

B. **Plaintiffs Do Not Cite A Single Case That Supports Their Veil-Piercing Claim**

Plaintiffs selectively quote dicta from *Mobil Oil* to support their contention that fraud or a fraud-like element is not a veil-piercing requirement under Delaware law. *See* Opp. at 5–6; *Mobil Oil*, 718 F. Supp. 260. Their interpretation mischaracterizes the court's holding and Delaware veil-piercing law in general. In *Mobil Oil*, the District of Delaware held that factual allegations of complete ownership, guaranteeing of debts, shared use of letterhead, common officers and directors, failure to keep board minutes, involvement of a parent in hiring decisions and approving expenditures of subsidiary, and obligations of the subsidiary being paid by the parent demonstrated *only* that the corporation and its subsidiary were "closely connected," and were "insufficient for the alter ego theory to operate to pierce the corporate veil." 718 F. Supp. at 267. This is because a corporation "can be held liable under the alter ego theory . . . only if its use of the corporate form *would . . . work as a fraud or something in the nature of a fraud*." *Id.* (emphasis added). The "injustice" alleged in *Mobil Oil* — which is the same as that alleged by Plaintiffs, that they will be left uncompensated if the veil is not pierced — is

---

[5] While Plaintiffs claim that they need not pierce the veil at each level, *see* Opp. at 8, they admit that Oklahoma veil-piercing law applies with respect to Blitz while Delaware law applies with respect to the other Blitz Debtors in the chain, *see* Opp. at 2.

206696.1

"insufficient to justify disregarding the separate corporate existence" of a subsidiary.[6] *Id.* at 268-69.

Plaintiffs' reliance on *Moll* is also misplaced. *See* Opp. at 8. Even assuming that Plaintiffs sufficiently alleged a failure to observe corporate formalities, this is insufficient to establish the first prong of the Delaware test, and Plaintiffs' other arguments are similarly unavailing. *See Moll*, 454 B.R. at 589, 590-91. Undercapitalization must be alleged from the time of the acquisition, which is not alleged here. *Id.* at 588-89. And the *Moll* court acknowledged that actions taken to help relax a subsidiary's financial obligations, such as the Kinderhook Defendants' guarantee alleged in the Complaint, could not demonstrate undercapitalization as the parent was helping its subsidiary. *Id.* In short, just as the Delaware Chancery Court held in *Wallace*, the court in *Moll* found that control and direction of a subsidiary's business are not sufficient to satisfy the first prong of the Delaware test where the companies are separate businesses, operating in different fields, *id.* at 589-90, and the second prong of the Delaware veil-piercing test requires "reliance and intent to deceive" such that "the difference [between fraud and

---

[6] Plaintiffs neglect to mention a similar statement in *Harper v. Del. Valley Broad., Inc.*, that "a showing of fraud or something like fraud is necessary to persuade the Delaware courts to pierce a corporate veil." 743 F. Supp. 1076, 1085 (D. Del. 1990). They similarly neglect to mention that the *Harper* court dismissed plaintiff's alter ego claim because, "[o]ther than the fact that he has not been paid, [plaintiff] has alleged no unfairness or inequity sufficient to persuade this court that the Delaware state courts would disregard the separate legal existences of [the defendants.]" *Id.* at 1086.

injustice] was 'largely superficial.'"  *See Moll*, 454 B.R. at 591, citing *Foxmeyer*, 290 B.R. at 236.

### III.  PLAINTIFFS CONCEDE THAT IF THE CLAIM IS NOT DISMISSED, IT SHOULD BE STAYED

Plaintiffs concede that, if the Court does not dismiss claim against the Kinderhook Defendants, it should be stayed pursuant to § 362(a)(1) of the Bankruptcy Code and in the interests of justice and judicial economy.  *See* Opp. at 24-25.

### CONCLUSION

In view of the foregoing, The Kinderhook Defendants respectfully submit that, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Kinderhook Industries, LLC and Kinderhook Capital Fund II, L.P. should be dismissed from this action or, in the alternative, the claim against them should be stayed pursuant to § 362(a)(1) of the United States Bankruptcy Code and the Court's inherent power to manage its docket.

Dated:       November 12, 2012

| **FRESHFIELDS BRUCKHAUS DERINGER US LLP** | **WALLER LANSDEN DORTCH & DAVIS, LLP** |
|---|---|
|  | /**s**/ Larry B. Childs |
| Timothy P. Harkness (admitted *pro hac vice*) | Larry B. Childs |
| Pamila Gudkov (admitted *pro hac vice*) | Brian J. Malcom |
| 601 Lexington Avenue | 1901 Sixth Avenue N., Suite 1400 |
| New York, NY 10022 | Birmingham, AL. 35203-2623 |
| Tel: (212) 277-4000 | Tel:  (205) 226-5701 |
| Fax: (212) 277-4001 |  |

***Attorneys for Defendants Kinderhook Capital Fund II, L.P. and Kinderhook Industries, LLC***

10

206696.1

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification to the following:

Glenda G. Cochran, Esq.
COCHRAN & ASSOCIATES
310 North 21st Street North, Suite 500
Birmingham, Alabama 35203
E-mail: gc@glendacochran.com

Stacey Strain, Esq.
Jeffrey P. Hubbard, Esq.
Hubbard, Mitchell, Williams & Strain, PLLC
1062 Highland Colony Parkway, Suite 222
Ridgeland, Mississippi 39157

This the 12th day of November, 2012.

                /s/ Brian J. Malcom
                Of Counsel