FILED

2012 Nov-19  PM 04:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **DAVID MIMS, et al,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )    **CASE NO.: 1:12-CV-244-VEH** |
| | )    **OPPOSED** |
| **WAL-MART STORES, INC., et al,** | ) |
| | ) |
| **Defendants** | ) |

## PLAINTIFFS' SUR-REPLY IN FURTHER SUPPORT OF THEIR OPPOSITION TO THE KINDERHOOK DEFENDANTS' MOTION TO DISMISS OR STAY CLAIMS

**COME NOW** the Plaintiffs, by and through counsel, and file this Sur-Reply in further support of their Opposition to the Motion to Dismiss or Stay Claims filed by Defendant Kinderhook Capital Fund II, L.P. and Defendant Kinderhook Industries, LLC (hereinafter collectively the "Kinderhook Defendants").

### I.    The Kinderhook Defendants Have Misrepresented Delaware Law

As noted in Plaintiffs' Opposition, the two-prong Delaware veil piercing test requires a plaintiff to show: "(1) that the parent and the subsidiary 'operated as a single economic entity[,]' and (2) that an 'overall element of injustice or unfairness ... [is] present.'" *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1457 (2nd Cir.1995).  The Kinderhook Defendants never explicitly state this baseline test in their Motion or Reply, nor do they cite to the factors to be considered in the analysis.  Instead, they

refer to certain select statements of Delaware courts, and miscast these statements as "requirements" to support their misleading argument.

With respect to the first prong of the test, whether the entities in question operated as a single economic entity, the Kinderhook Defendants wholly ignore the relevant factors outlined by Delaware courts in their Motion.  Instead, they assert that the standard requires a showing of "exclusive domination and control ... to the point that [the subsidiary] no longer ha[s] legal or independent significance of [its] own." *Wallace ex rel. Cencom Cable Income Partners II, Inc.*, 752 A.2d 1175, 1184 (Del. Ch. 1999).  *Wallace* ignores the sum total of Delaware case law and the many different factors consistently included in the veil piercing analysis; thus, the Kinderhook Defendants' reliance on it as the penultimate expression of the first prong of the Delaware test is seriously misguided. Further, as set forth in Plaintiffs' Opposition, the *Wallace* court's basis for its statement is suspect.  In an effort to bolster their reliance on *Wallace*, the Kinderhook Defendants maintain that "control and domination" are consistently required by Delaware courts; however, the Kinderhook Defendants cite cases for this proposition which contain no such requirement.[1] While "exclusive domination and control" by a parent entity is

---

[1] In *Mobil Oil Corp. v. Linear Films, Inc*., 718 F. Supp. 260, 266 (D. Del. 1989), the court did not state that a showing of control and domination are required; rather it noted that "[a]n alter ego relationship *might* also lie where [a parent] exercises complete domination and control." In

consistent with a conclusion that the two "operated as a single economic entity," it is not the sole factor in the analysis, and *Wallace* is flawed in this regard.  Looking to the factors set forth by Delaware courts for the analysis, Plaintiffs' allege sufficient facts to satisfy the first prong of the Delaware test.  Further, Plaintiffs submit that their allegations support a reasonable inference that the Kinderhook Defendants "controlled and dominated" the Blitz subsidiaries so that they had "no legal or independent significance of their own."  Thus, contrary to the Kinderhook Defendants assertions, Plaintiffs' criticism of *Wallace* is not based on any weakness of their allegations; rather, Plaintiffs simply are compelled to point out the Kinderhook Defendants' misleading choice to cite *Wallace* to the exclusion of an abundance of case law indicating that control and domination are not the only relevant considerations.

In their Reply, the Kinderhook Defendants further misconstrue the first prong of the Delaware test and mischaracterize Delaware case law in regards to several of the relevant factors.  The Kinderhook Defendants misstate *In re Moll Indus., Inc.*, 454 B.R. 574, 587-88 (Bankr. D. Del. 2011) and assert that undercapitalization of a subsidiary corporation "must be alleged from the time of

---

*Trevino v. Merscorp, Inc.*, 583 F.Supp. 2d 521, 532 (D. Del. 2008), the court described a control and domination requirement in reference to the agency theory of liability, not veil-piercing.

the acquisition" in a veil piercing analysis. The *Moll* court explained undercapitalization and insolvency are relevant where it occurs at inception *or* if the inadequate capitalization or insolvency "was caused by the acts of the subsidiary's parent." *Id.* at 588-89. Notably, Plaintiffs have specifically alleged that Blitz was inadequately capitalized and driven into bankruptcy by the Kinderhook Defendants' actions. The Kinderhook Defendants also suggest that *Moll* indicates that the first prong of the Delaware test cannot be satisfied "where the companies are separate businesses, operating in separate fields." *Id.* Quite simply, the holding of *Moll* is not so broad. The *Moll* court examined all of the factors at play in the Delaware analysis, none of which are determinative, and ultimately concluded that the first prong was not satisfied; however, the *Moll* court considered the subsidiary's own business operations in reference to one of the relevant *factors*. *Id.* at 597-91. Separate operations, on their own, were not determinative, and cannot be fairly classified as a "requirement."

The Kinderhook Defendants have also miscast the applicable standard for the second prong of the Delaware test. In their Motion, the Kinderhook Defendants assert that the Delaware test requires a showing of fraud and argued that, as a result, Plaintiffs must plead their veil piercing claim pursuant to the heightened pleading standard of Rule 9(b). In response to case law cited by

4

Plaintiffs clearly indicating that actual fraud need not be shown or even alleged to pierce the corporate veil under Delaware law, the Kinderhook Defendants assert that Plaintiffs' argument was based on dicta.   However, the statement that a showing of actual fraud is not required is a succinct statement of the law: in addressing similar arguments that a plaintiff must show fraud to pierce the corporate veil, Delaware courts have consistently held that, strictly speaking, a showing of actual fraud is not required.[2]

In their Reply, the Kinderhook Defendants contend that Plaintiffs now allege that injustice exists simply because they "will be left uncompensated" if the corporate veil is not pierced.  Further, the Kinderhook Defendants assert that this is the same injustice which was rejected in *Mobil Oil Corp. v. Linear Films, Inc*., 718 F. Supp. 260 (D. Del. 1989) .   First of all, this argument miscasts Plaintiffs' allegations of injustice, which stem from the Kindehook Defendants abuse of the corporate form to strip the Blitz entities and drive them into bankruptcy to the detriment of many creditors, including the many personal injury plaintiffs harmed by defective Blitz gasoline containers.   Secondly, the Kinderhook Defendants' categorization of the facts of *Mobil Oil* is wholly inaccurate and completely

---

[2]See  *Mobil Oil,* 718 F.Supp. at 268; *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1458 (2nd Cir.1995) ("a showing of fraud or wrongdoing is not necessary under an alter ego theory, but the plaintiff must demonstrate an overall element of injustice or unfairness"); *In re Foxmeyer Corp.*, 290 B.R. 229, 236 (Bankr. D. Del. 2003).

misstates the holding of that case.  The plaintiff in *Mobil Oil* did not allege that injustice existed because it would be "left uncompensated."   To the contrary, because the plaintiff "had an adequate remedy" against the subsidiary corporation via a lawsuit in another forum, the court ultimately concluded that "requiring [the plaintiff] to enforce its rights . . . in another forum is not the kind of injustice . . . which warrants piercing the corporate veil." *Id*. at 270.   Further, the *Mobil Oil* court contrasted the factual scenario of that case from one where shareholders used the corporate form to "strip the corporation of its assets in anticipation of impending legal liability", such as the Plaintiffs allege here, and noted that such facts present "precisely the situation in which courts feel most comfortable in using their equitable powers to sweep away the strict legal separation between corporation and shareholders." *Id*. at 269-70 (internal quotations omitted).

The Kinderhook Defendants continue their misleading efforts by citing *Moll* for the proposition that the "unfairness or injustice" prong of the Delaware test requires a showing of "reliance and intent to deceive." Once again, the Kinderhook Defendants have cherry-picked a single statement in a single Federal case and claim it is a "requirement" under Delaware state law; however, Plaintiffs note that such a requirement is not included in any Delaware state case. Further, the federal case that the *Moll* court cites for this proposition does not set forth such a

6

requirement.[3] In this regard, the Kinderhook Defendants reliance on the *Moll* court's statement is misleading, as it is not succinct expression of Delaware law.

Lastly, despite case law to the contrary, the Kinderhook Defendants maintain that Plaintiffs must pierce the corporate veils of each of the related Blitz subsidiaries in order to maintain their claims and attempt to distinguish this case from the facts of *Moll*. Specifically, the Kinderhook Defendants assert Plaintiffs must pierce the veils of intermediate entities because they seek "a global collapse of the corporate structure." In fashioning this argument, the Kinderhook Defendants have blatantly misstated the *Moll* court's analysis. In holding that a plaintiff seeking to impose liability on a parent corporation did not need not to pierce the veils of intermediate entities in the corporate structure, the *Moll* court distinguished such a situation from one where a plaintiff seeks "to include all of the [intermediate] entities as defendants," and unequivocally held that where a plaintiff "is only seeking to treat [the subsidiary] and [parent] as one entity and is not seeking to hold any of the intermediaries liable," it is not necessary for the plaintiff to "pierce every layer of the corporate structure." *Id.* at 587-88. Like the plaintiff in *Moll*, Plaintiffs do not seek to impose liability on the intermediate Blitz entities. The Kinderhook Defendants' blatant misstatement of *Moll* is misleading.[4]

---

[3]In *In re Foxmeyer Corp.*, 290 B.R. 229, 236-42 (Bankr. D. Del. 2003), "reliance and intent to deceive" was one of the plaintiffs' theories for piercing the veil, not a "requirement."

## II.     The Aurelio Declaration is Insufficient

The Kinderhook Defendants incorrectly assert that the Aurelio Declaration shifts the burden to Plaintiffs to provide evidence supporting personal jurisdiction. Specifically, the Kinderhook Defendants contend that the Aurelio Declaration "sets forth evidence establishing that the Kinderhook Defendants have no more than a typical indirect investor's relationship" with Defendant Blitz.  The burden shifts to a plaintiff to produce evidence supporting jurisdiction where a defendant "submits affidavits contrary to the allegations in the complaint." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006) (citations omitted). However, with the exception of three wholly "conclusory assertions of ultimate fact" which should not be considered (See *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir.1999) (per curiam), the Aurelio Declaration does not contradict the allegations of Plaintiffs' complaint supporting the inference that the Kinderhook Defendants have far more than a "typical indirect investor's relationship."  Because the Kinderhook Defendants have not offered evidence contradicting the allegations in Plaintiffs' complaint, the allegations themselves must be construed as true.   See *Morris v. SSE, Inc.*, 843

---

[4] Plaintiffs further note that they have alleged sufficient facts to show that the Kinderhook Defendants, Defendant Blitz, and the other related Blitz entities functioned as a single economic entity and that an element of injustice exists, satisfying the Delaware test.  Thus, this issue is moot.

8

F.2d 489, 492 (11th Cir. 1988).  Because Plaintiffs' well plead allegations are uncontested, Plaintiffs have made a prima facie showing of personal jurisdiction, and they are not required to produce evidence to support what has been sufficiently established.

### III.    The Order of the *Smith* Court is Misguided

The Kinderhook Defendants urge this Honorable Court to follow the reasoning of the Federal District Court of Minnesota in the recent case *Smith ex rel. Van Brundt v. Blitz U.S.A., Inc.*, 2012 WL 5413513 (D. Minn. 2012).  Plaintiffs submit that the reasoning by the *Smith* court is misguided, as it fails to consider several crucial allegations made here.[5]  Notably, the *Smith* court did not consider allegations that the Kinderhook Defendants directly contributed to the insolvency and bankruptcy of Defendant Blitz and the Blitz subsidiaries by: (1) under-capitalizing and under-insuring them; (2) treating the funds and assets of the subsidiaries as the funds and assets of the other subsidiaries; (3) transferring assets amongst them so that they operate as a single treasury; (4) depleting the assets of

---

[5]   The allegations considered by the *Smith* court are: (1) some of Kinderhook's members are limited partners in Kinderhook Capital Fund, which owns 75.2% of Blitz's parent entity; (2) Kinderhook created a complex corporate structure to shield itself from liability; (3) two of Blitz's directors are Kinderhook officers; (4) Blitz and Kinderhook share an address; (5) Kinderhook guaranteed Blitz's credit; (6) Kinderhook depleted Blitz's assets "by means of a bargain sale to defraud Blitz's creditors"; and (7) Kinderhook used Blitz's assets as collateral on loans used to acquire three other plastic manufacturers.  *Smith ex rel. VanBrunt v. Blitz U.S.A. Inc.*, 2012 WL 5413513 (D. Minn. Nov. 6, 2012)

Defendant Blitz by means of non-arms-length transactions to the detriment of creditors; and (5) financed their operations in a series of complicated shell companies to deplete the assets of Defendant Blitz USA. Additionally, contrary to the *Smith* court's conclusion, Plaintiffs submit that their allegation that the Kinderhook Defendants failed to observe the corporate formalities of the Blitz subsidiaries is relevant as well. Because the *Smith* court did not address these allegations, Plaintiffs submit that its analysis is misguided.

## CONCLUSION

In conclusion, Plaintiffs note the Kinderhook Defendants consistently confuse the difference between allegations of fact and actual proof of the same. At this stage, Plaintiffs are not required to prove their claim, they simply must allege sufficient facts to support a reasonable inference that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Plaintiffs have sufficiently alleged facts in their complaint, despite the fact that they have had no opportunity for discovery. Further, because these allegations are uncontested, Plaintiffs have sufficiently established personal jurisdiction. Accordingly, for the reasons set forth herein and in Plaintiffs' Opposition, Plaintiffs submit that the Kinderhook Defendants 12(b) motions should be denied.

Respectfully submitted,


/s/ Glenda G. Cochran
Glenda G. Cochran (ASB-5150-C66G)
COCHRAN & ASSOCIATES
310 North 21st Street North, Suite 500
Birmingham, Alabama 35203
Telephone: (205) 328-5050
Facsimile:   (205) 320-1659
E-mail: gc@glendacochran.com

Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Stacey Strain, Esq.
Jeffrey P. Hubbard, Esq.
Hubbard, Mitchell, Williams & Strain, PLLC
1062 Highland Colony Parkway, Suite 222
Ridgeland, Mississippi 39157
Attorney for Defendant Wal-Mart Stores, Inc.

Larry B. Childs
Brian J. Malcom
1901 Sixth Avenue N., Suite 1400
Birmingham, AL. 35203-2623
Tel: (205) 226-5701
Attorneys for the Kinderhook Defendants

Timothy P. Harkness (admission pending)
Pamila Gudkov (admission pending)
601 Lexington Avenue
New York, NY 10022
Tel: (212) 277-4000
Fax: (212) 277-4001
Attorneys for the Kinderhook Defendants

/s/ Glenda G. Cochran
OF COUNSEL