UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DAVID MIMS, et al,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **CASE NO.: 1:12-CV-244-VEH** |
| ) | **UNOPPOSED** |
| **WAL-MART STORES, INC., et al,** ) | |
| ) | |
| **Defendants** ) | |

### JOINT MOTION TO DISMISS CLAIMS WITHOUT PREJUDICE

**COME NOW** the Plaintiffs, Defendant Kinderhook Capital Fund II, L.P., and Defendant Kinderhook Industries, LLC (hereinafter collectively the "Kinderhook Defendants"), and jointly move this Honorable Court for an order dismissing, without prejudice, Plaintiffs' claims against the Kinderhook Defendants. In support of said Motion, the parties state as follows:

1. Plaintiffs commenced the instant action against Wal-Mart Stores, Inc. and Blitz U.S.A., Inc. (hereinafter "Defendant Blitz") for injuries arising out of a portable gasoline container explosion. As set out in their complaint, Plaintiffs allege the defective condition of the subject gasoline container, manufactured by Defendant Blitz and sold by Wal-Mart Stores, Inc., was the cause of the explosion and Plaintiffs' injuries. On November 9, 2011, Defendant Blitz and all of the related Blitz Subsidiaries filed for Chapter 11

1

bankruptcy protection in the United States Bankruptcy Court for the District of Delaware. As a result, Plaintiffs claims against Defendant Blitz are automatically stayed pursuant to 11 U.S.C. § 362.

2. On September 21, 2012, Plaintiffs filed their First Amended Complaint, alleging that the Kinderhook Defendants are liable for any judgment Plaintiffs may obtain against Defendant Blitz by virtue of the doctrine or piercing the corporate veil and/or alter ego liability.

3. On October 22, 2012 the Kinderhook Defendants filed an opposed motion to dismiss the counts of the First Amended Complaint alleged against them pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, to stay the claim pursuant to section 362(a)(1) of the United States Bankruptcy Code and the Court's inherent power to manage its docket [Docket No. 38]. That motion is currently pending before this Court.

4. Following the January 22, 2013 scheduling conference, and for the purpose of avoiding potentially unnecessary expense, Plaintiffs and the Kinderhook Defendants have entered into a Tolling Agreement providing, inter alia, that: (1) Plaintiffs claims against the Kinderhook Defendants will be dismissed, without prejudice, from this action; and (2) the running of any statute of limitations or other time-related defense applicable to any of Plaintiffs'

claims against Kinderhook shall be tolled and suspended in accordance with the terms of the Tolling Agreement.  A copy of the complete Tolling Agreement has been attached hereto as *Exhibit A*.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Defendant Kinderhook Capital Fund II, L.P. and Defendant Kinderhook Industries, LLC jointly request this Honorable Court withdraw the Kinderhook Defendants' pending opposed motion to dismiss [Docket No. 38] and enter an Order dismissing without prejudice Plaintiffs claims against the Kinderhook Defendants.

Respectfully submitted,

/s/ Glenda G. Cochran
Glenda G. Cochran (ASB-5150-C66G)
COCHRAN & ASSOCIATES
310 North 21st Street North, Suite 500
Birmingham, Alabama 35203
Telephone: (205) 328-5050
Facsimile:   (205) 320-1659
E-mail: gc@glendacochran.com
Attorney for Plaintiffs

/s/ Larry B. Childs
Larry B. Childs
Brian J. Malcom
1901 Sixth Avenue N., Suite 1400
Birmingham, AL. 35203-2623
Tel: (205) 226-5701
Attorneys for the Kinderhook Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of February, 2013, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Stacey Strain, Esq.
Jeffrey P. Hubbard, Esq.
Hubbard, Mitchell, Williams & Strain, PLLC
1062 Highland Colony Parkway, Suite 222
Ridgeland, Mississippi 39157

/s/ Glenda G. Cochran
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID MIMS and DONNA MIMS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 12-00244 |
| ) | |
| WAL-MART STORES, INC.; BLITZ ) | |
| U.S.A., INC.; KINDERHOOK CAPITAL ) | |
| FUND II, L.P., KINDERHOOK ) | |
| INDUSTRIES, LLC, ) | |
| ) | |
| Defendants. ) | |

## TOLLING AGREEMENT

This agreement (the "Tolling Agreement") is made effective on this 11th day of February, 2013 (the "Effective Date") by and between DAVID MIMS and DONNA MIMS (collectively, "Plaintiffs") and KINDERHOOK CAPITAL FUND II, L.P. and KINDERHOOK INDUSTRIES, LLC (collectively, "Kinderhook"). Plaintiffs and Kinderhook are referred to as "Parties." The Parties hereby agree as follows:

WHEREAS, the Plaintiffs have asserted claims against Kinderhook (the "Claims") in the Civil Action referenced above, No.12-cv-00244, which is pending in the United States District Court for the Northern District of Alabama (the "Civil Action"); and

WHEREAS, on January 22, 2013, Judge Hopkins suggested that the Parties enter into a Tolling Agreement whereby Plaintiff's Claims against Kinderhook are dismissed from the Civil Action without prejudice; and

WHEREAS, for the purpose of avoiding litigation until after Plaintiffs' claims against Defendant Blitz U.S.A., Inc. in the Civil Action have been resolved, the Parties deem it to their

mutual benefit that the Claims against Kinderhook shall be dismissed from the Civil Action without prejudice and tolled for the period specified below.

**THEREFORE**, the Parties state as follows:

1.  **Dismissal of Claims against Kinderhook.** The Parties agree that all of the Claims which have been asserted by Plaintiffs against Kinderhook in the Civil Action are dismissed without prejudice. During the Tolling Period, described below, Kinderhook shall not be subject to discovery from Plaintiffs.

2.  **Tolling Period.** This Tolling Agreement shall begin on the Effective Date and shall terminate 60 days after the claims against Defendant Blitz U.S.A., Inc. in the Civil Action are resolved by settlement, dismissal, or adjudication (through and including any appeal). The period of time between the Effective Date and the termination date is referred to as the "Tolling Period."

3.  **Tolling Provision.**

    (a)  The Parties agree that the running of any statute of limitations or other time-related defense applicable to any of the Claims previously asserted against Kinderhook, or as to any potential new claim against Kinderhook arising out of the incident of January 23, 2010 in Talladega County, Alabama, is tolled and suspended during the Tolling Period.

    (b)  This Tolling Agreement shall not revive any claim that is already time-barred on the Effective Date.

    (c)  Neither Kinderhook nor any of its respective agents or attorneys, shall include the Tolling Period in the calculation of the running of any statute of limitations or for

any other time-related defense applicable to any proceeding, including any relief that may be imposed therein, in asserting or relying upon any such time-related defense.

(d) Nothing in the Tolling Agreement shall affect any applicable statute of limitations defense or any other time-related defense that may be available to Kinderhook or its agents or attorneys before the commencement of the Tolling Period or be construed to revive any proceeding that may be barred by any applicable statute of limitations or any other time-related defense before the commencement of the Tolling Period.

(e) The running of any statute of limitations applicable to any proceeding shall commence again after the end of the Tolling Period, unless there is an extension of the Tolling Period executed in writing by and on behalf of the Parties.

4. **Adequate Consideration.** The Parties acknowledge that there is adequate consideration for the Tolling Agreement.

5. **Construction of Tolling Agreement.** This Tolling Agreement shall be deemed to have been drafted by all Parties, and shall not be construed against any Party on the theory that fewer than all Parties drafted the Tolling Agreement.

6. **No Non-Party Rights.** This Tolling Agreement is intended for the sole benefit of the Parties and entities that the Tolling Agreement expressly identifies and no others. No party or entity that is not a party to the Tolling Agreement shall have the right, standing, or authority of the Parties to the Tolling Agreement to invoke its terms, benefits or obligations without express written consent of all parties to this Tolling Agreement.

7. **Entire Agreement.** The Tolling Agreement is the entire agreement among the Parties. In executing the Tolling Agreement, no Party is relying or acting on any promise, inducement, or agreement not expressed in the Tolling Agreement.

DATED: __February 11__, 2013.

_____
Glenda G. Cochran
Attorney for David and Donna Mims

OF COUNSEL:

COCHRAN & ASSOCIATES
310 21st Street North, Suite 500
Birmingham, AL 35203

_____
Larry B. Childs
Brian J. Malcom
One of the Attorneys for Kinderhook

OF COUNSEL:

WALLER LANSDEN DORTCH &
DAVIS, LLP
1901 Sixth Avenue N., Suite 1400
Birmingham, AL. 35203-2623