# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DAVID MIMS, et al,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) CASE NO.: 1:12-CV-244-VEH |
| | ) **UNOPPOSED** |
| **WAL-MART STORES, INC., et al,** | ) |
| | ) |
| **Defendants** | ) |

## MOTION TO REINSTATE PROVISIONS
## OF PRIOR SCHEDULING ORDER

**COME NOW** the Plaintiffs, and hereby move this Honorable Court to reinstate the provision of the prior scheduling order setting forth a deadline for Plaintiffs to disclose rebuttal experts and reports. Counsel for Defendant Wal-Mart Stores, Inc. has stipulated that Plaintiffs shall disclose rebuttal experts and reports by December 2, 2013, and does not oppose this Motion. In support of said Motion, Plaintiffs state as follows:

1. On April 16, 2012, this Honorable Court entered its Original Scheduling Order in this case, which provided:

    > Disclosure of expert witnesses – including a complete report under Rule 26(a)(2)(B) from any specially retained or employed expert – is due from plaintiff by **January 21, 2013**, and from defendant by **March 25, 2013.** Rebuttal witnesses and reports are due from plaintiff by **May 24, 2013.**

(Doc. 25, p. 2)(emphasis in original).  As set forth above, the Original Scheduling Order provided a deadline for Plaintiffs to disclose their rebuttal experts and reports.

2. Following a January 22, 2013 scheduling conference, Plaintiffs and Defendant Wal-Mart conferred to revise the Report of the Parties' Planning Meeting and propose new deadlines in this action.  On February 25, 2013, the Parties submitted their Updated Report of the Parties' Planning Meeting for this Honorable Court's consideration.  With respect to expert disclosures, the Parties' jointly proposed the following schedule for expert disclosures:

> **G. Reports from retained experts under Rule 26(a)(2):** Disclosures of expert witnesses- including a complete report under Rule 26(a)(2)(B), are due as follows:
>
> - Plaintiffs' Experts:        September 2, 2013
> - Defendants' Experts:    November 1, 2013
> - Rebuttal Experts:          December 2, 2013

(Doc. 59, ¶ 4(g))(emphasis in original).

3. On February 25, 2013, this Honorable Court entered its Amended Scheduling Order, which set forth the following deadlines for expert disclosures:

> Disclosure of expert witnesses – including a complete report under Rule 26(a)(2)(B) from any specially retained or employed expert – is due from plaintiff(s) by **September 3, 2013**, and from defendant(s) by **November 1, 2013.**

(Doc. 60, p. 1)(emphasis in original).  Essentially, the Amended Scheduling Order adopted the deadlines for expert disclosures submitted by the Parties; however, it is silent with respect to a deadline for the disclosure of Plaintiffs' rebuttal experts and reports.

4. Federal Rule of Civil Procedure 26(a)(2)(D)(ii) provides that rebuttal expert reports are due within thirty days after the other party's disclosure; however, there is a split of authority regarding whether the provision set forth in Rule 26(a)(2)(D)(ii) applies if a court's scheduling order is silent regarding deadlines for disclosure of rebuttal experts.  Some federal courts have held that in the absence of a scheduling order deadline regarding rebuttal expert reports, the deadline for rebuttal experts set forth in Rule 26(a)(2)(D)(ii) "applies as a default."  *Dunn v. Zimmer, Inc.,* 2005 WL 563095 (D.Conn.,2005)("[t]he court's scheduling order did not establish a time for the disclosure of rebuttal experts and therefore the [rebuttal disclosure deadline set forth in Rule 26(a)] applies as a default"); *see also Mayou v. Ferguson*, 544 F. Supp. 2d 899, 901 (D.S.D. 2008) (rejecting the argument that "where the stipulation and the scheduling order are silent, such serves to prohibit any designation of a rebuttal expert being made by the plaintiff"). Other Federal courts, however, have held that where a court has entered a scheduling order that does not include a deadline for rebuttal experts, the

provision of Rule 26(a)(2)(D) is inapplicable and rebuttal experts are improper. *Internat'l Business Machines Corp. v. Fasco Industries,* 1995 WL 115421 (N.D.Cal.1995) ("[w]hen the court crafted its own schedule for expert disclosures, the mechanism set forth in Rule 26 was nullified ... [t]he scheduling order controls and does not allow for [rebuttal] disclosures"). The Court of Appeals for the Eleventh Circuit has not yet ruled on this issue.

5. Prior to Plaintiffs' filing of this motion, Defendant Wal-Mart has stipulated that Plaintiffs shall have until December 2, 2013 to disclose rebuttal experts and reports.  Because the Amended Scheduling Order is silent in this regard, and due to the split of authority referenced above, Plaintiffs hereby request this Honorable Court reinstate the provision of the Original Scheduling Order setting forth a deadline for Plaintiffs to disclose rebuttal experts and reports.  As the deadlines in this action have now changed, Plaintiffs request this Honorable Court to adopt the December 2, 2013 deadline for Plaintiffs' rebuttal experts as stipulated by the parties and as proposed in the Updated Report of the Parties' Planning Meeting.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request this Honorable Court enter an Order setting a December 2, 2013 deadline for Plaintiffs to disclose their rebuttal experts and reports.

Respectfully submitted,

/s/ Glenda G. Cochran
Glenda G. Cochran (ASB-5150-C66G)
COCHRAN & ASSOCIATES
310 North 21st Street North, Suite 500
Birmingham, Alabama 35203
Telephone: (205) 328-5050
Facsimile:   (205) 320-1659
E-mail: gc@glendacochran.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2013, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Stacey Strain, Esq.
Jeffrey P. Hubbard, Esq.
Hubbard, Mitchell, Williams & Strain, PLLC
1062 Highland Colony Parkway, Suite 222
Ridgeland, Mississippi 39157

/s/ Glenda G. Cochran
OF COUNSEL